# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2022

Lyle W. Cayce
Clerk

No. 20-60660
Summary Calendar

Barad Ali, *also known as* Ashid Ali,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 042 533

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Barad Ali, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum and withholding of removal. He raises arguments concerning the BIA's adverse credibility determination and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60660

whether he had shown past persecution or a reasonable fear of future persecution.

This court reviews the BIA's decision and considers the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial evidence standard, this court may not overturn a factual finding unless "the evidence compels a contrary result." *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

Requests for asylum and withholding of removal must be supported by credible evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 772 (5th Cir. 2020). Credibility determinations are reviewed under the substantial evidence standard. *Avelar-Oliva*, 954 F.3d at 763.

Here, the BIA's adverse credibility determination is supported by "specific and cogent reasons derived from the record." *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, because the evidence does not compel a conclusion contrary to that of the BIA on the credibility issue, that conclusion is supported by substantial evidence, and we will not overturn it. *See Avelar-Oliva*, 954 F.3d at 763; *Martinez-Lopez*, 943 F.3d at 769. Finally, because the adverse credibility determination suffices to uphold the BIA's decision, we need not consider Ali's arguments concerning whether he established persecution. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). The petition for review is DENIED.